IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | * Criminal No. MJM-21-0351 |
| DERON JOHNSON, | * |
| Defendant. | * |

******

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, Deron Johnson, has pled guilty to one count of Hobbs Act Robbery Conspiracy in violation of 18 U.S.C. § 1951(a) and one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a). The government respectfully submits that a sentence of 240 months (20 years) is necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553, namely, (1) to reflect the seriousness of the offense, which involved the murder of a teenager; (2) to provide just punishment; (3) deter criminal activity that has a devastating impact on the community; and (4) to protect the public from a defendant who has a long criminal history. Johnson will appear before the Court for sentencing on November 30, 2023.

## UNITED STATES SENTENCING GUIDELINES CALCULATION

The base offense level for the Hobbs Act offenses (Counts One and Two) is 43 because the victim was killed under circumstances that constitute murder under USSG § 2A1.1 and § 2B3.1(c)(1). Johnson receives a two-level reduction for his acceptance of responsibility under USSG §3E1.1(a). The government will move for a third level reduction at the time of sentencing which establishes an adjusted offense level of 40. With a criminal history category of II, the advisory guidelines range for Count One and Count Two is the statutory maximum of 240 months

1

(20 years).

## FACTORS SET FORTH IN 18 U.S.C. § 3553(a)

I. **Nature and Circumstances of the Offenses**

Johnson helped set up the robbery of Jordan Daniel.  Without Johnson, Joseph Williams and George Fields would have been left to find another victim around the America's Best Value Inn.  On the morning of September 29, 2020, when police were still processing the crime scene, they noticed a parked Honda Odyssey van and recognized it from the hotel surveillance footage that captured the murder of Jordan Daniel.  Officers observed Johnson approach the van and attempt to drive away, but they stopped him and brought him in for questioning.  Johnson told homicide detectives that he was "hacking" around the hotel and gave a ride to the victim, who Johnson knew as "Jay."  According to Johnson, the victim was selling drugs and needed to "re-up" his supply at a location not far from the hotel.  The victim told Johnson that he would also need a ride back to the hotel and as payment, the victim gave Johnson crack cocaine.  At 3:02 a.m., the victim sent a text to Johnson so that Johnson had his cellphone number.   Johnson told detectives that he went back to the hotel and told Williams and Fields that they could purchase cocaine from Daniel when Daniel returns.  According to Johnson, he had no idea that the men intended to rob Jordan Daniel.  This was a lie.

At 3:05 a.m., Johnson received a text message from Williams who was angry that Johnson left the area.  Williams told Johnson that he was out looking for a "lic," meaning a robbery.  Between 3:23 a.m. and 4:13 a.m., Johnson exchanged several calls with the victim, presumably about picking Daniel back up and bringing him back to the hotel parking lot for a drug transaction with Williams and Fields.  Video surveillance footage from the hotel shows Johnson and the victim arrive back at the hotel parking lot in Johnson's Honda Odyssey at 4:24 a.m.

Johnson delivered Jordan Daniel to Williams and Fields.  What happened next to Daniel can only be described as an ambush.  Although Johnson portrayed himself as an unwitting participant, his actions on the surveillance video show a calm and callous man casually step to the back of the van to smoke while Williams and Fields attack Daniel.[1]  While Fields holds Daniel down in the passenger seat of Johnson's car, Williams shoots him.  All three men flee the area in Johnson's van, disposing of evidence along the way and leaving Daniel in a dark and desolate parking lot to die.



---

[1] The government will hand deliver to chambers a hard copy of Government Exhibit 1, a disc containing a 45 second clip of the robbery and murder of Jordan Daniel.

The Defendant now admits that he conspired with Williams and Fields to rob Jordan Daniel. They knew that Daniel was an easy target. He was young, and Johnson had reason to suspect that Daniel would have money and drugs on his person. Johnson associated with the criminal venture and helped plan the commission of this horrible crime. Jordan Daniel was 16 years old at the time of his murder. He loved basketball and his mother.

**II. History and Characteristics of the Defendant**

Johnson is 53 years old with an adult history of drug use and drug distribution. According to the Presentence Report, he has had many opportunities for drug treatment. Johnson has been convicted of several drug offenses and violated probation on multiple occasions resulting in additional periods of incarceration. Still his criminal activity was not deterred.

Johnson is married with children and is a lifelong resident of Baltimore. Johnson reports an employment history dating back to 2009.

**III. The Need for the Sentence to Reflect the Seriousness of the Offense and Provide Just Punishment**

A sentence of 240 months imprisonment (20 years) reflects the seriousness of Johnson's offenses and provides just punishment for a defendant who participated in a violent robbery conspiracy that resulted in the murder of a teenager. The loss suffered by Daniel's mother is unimaginable. No words can truly describe what this crime has done to her.

**IV.   The Need to Protect the Public and Need for Adequate Deterrence**

There is a compelling need for deterrence here. This was a robbery conspiracy and murder centered around drugs and money in Baltimore, committed by men with criminal histories who associated with one another for one dangerous purpose. In the past, supervised probation with the threat of going back to jail has not deterred Johnson. The need to protect the public from further crimes of the defendant is paramount.

### V. The Need to Avoid Unwarranted Sentence Disparities

Joseph Williams was the shooter during this robbery and entered a guilty plea to Hobbs Act robbery conspiracy and discharging a firearm during and in relation to a crime of violence resulting in death. The Court imposed a total sentence of 312 months (26 years) followed by 5 years supervised release. George Fields held Jordan Daniel down as he struggled, allowing Williams to shoot him. He too entered a guilty plea to Hobbs Act robbery conspiracy and discharging a firearm during and in relation to a crime of violence resulting in death. The Court imposed a total sentence of 300 months (25 years) followed by 5 years supervised release. Both men had a history of drug addiction and both men had criminal history categories higher than Johnson's. A sentence of 240 months (20 years) for Johnson is consistent with his level of culpability in relation to his co-defendants.

### CONCLUSION

The government believes that a sentence of 20 years of imprisonment is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). With respect to the Hobbs Act robbery conspiracy (Count One) and Hobbs Act robbery (Count Two) convictions, the government recommends a sentence of 20 years for each count to run concurrent to one another, followed by a period of 3 years supervised release.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: \_\_\_/s/_____
Kim Y. Hagan
Assistant United States Attorney
36 S. Charles St., Fourth Floor
Baltimore, Maryland 21201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2023, a copy of the foregoing Government's Sentencing Memorandum was served via e-mail and electronically through the Clerk of the United States District Court using CM/ECF to defense counsel of record.

                                                                     /s/
                                           Kim Y. Hagan
                                           Assistant United States Attorney